Ex parte Romana Pérez Hernández, otherwise known as Romana Torres Hernández, Petitioner and Appellant.

No. 9225. Argued December 26, 1945.—Decided April 24, 1946.

R. A. *Arroyo Ríos* for appellant.

Mʀ. Justiᴄᴇ Córdova delivered the opinion of the court.

Romana Pérez appeals from an order of a district court dismissing a proceeding to perpetuate testimony.

The petition and the evidence show that Romana Pérez is a legitimate daughter of Luis Pérez, as appears from the record of her birth in the civil register. The petitioner, however, is known as Romana Torres, because her father was known as Luis Torres. Romana has children, born out of her marriage with Pablo Flecha, who are registered under the surnames Flecha Torres. Her sons are, or were when the petition was filed, in the Army. The difference between the surname under which the petitioner is registered and that by which she is known, was married, and under which her children are registered, has caused difficulties to the petitioner, who until shortly before filing her petition was unaware of the fact that she was registered in the civil register under a surname other than the one which had always been used by her father, her children, and herself.

Appellant's petition below prays that, after hearing the evidence and the district attorney, the proceeding be approved and an amendment of the record of her birth be ordered so as to change the surname Pérez to Torres. At the hearing counsel for the petitioner requested that, if the amendment sought did not lie, an order should be issued directing that the birth registration be made to state that the petitioner was known as Torres.

After the evidence was heard with the intervention of the district attorney, whose report is not set forth in the record of appeal but whose attitude throughout the hearing was hostile to the relief sought by the petitioner, the court dismissed the proceeding because ''we feel this is a filiation case,

for the changing of the surname of a person, that is, her real surname for another, is not proper within this proceeding.''

The appellant maintains that the court erred in holding that a change in the surname of a person can not be ordered or acknowledged within a proceeding *ad perpetuam memoriam*.

■ ■ The purpose of a proceeding *ad perpetuam rei memoriam* is to perpetuate the memory of a fact, that is, to establish that fact solemnly, when there is danger of losing the evidence of such fact by the absence or death of a witness or for any other reason. Sections 2001 to 2009 of the Law of Civil Procedure for Cuba and Puerto Rico, approved September 25, 1885, authorize and regulate proceedings *ad perpetuam memoriam*, limiting them to facts which are not prejudicial to a certain and determinate person. Those Sections are still in force in Puerto Rico, as they are not in conflict with the provisions of the Code of Civil Procedure of 1904. It is well to point out that they are not in conflict, either, with Rule 27 of the Rules of Civil Procedure of September 1, 1943, which establishes a proceeding to perpetuate testimony in contested cases,[1] for the rule covers a field from which proceedings *ad perpetuam* are excluded,[2] and the latter are in turn applicable to matters not involving prejudice to third persons, wherein the taking of depositions under Rule 27 does not lie. Thus it may be said that Rule 27, which to us from the Anglo-Saxon system of law, supplements the proceeding to perpetuate testimony, of Spanish origin, which was already available in Puerto Rico.

---

[1] The proceeding established by Rule 27 is for the taking of. depositions with the appearance of both parties. See 5 Wigmore, Evidence, 3rd ed. 73. Subdivision (c) of the rule provides that it ''does not limit the power of courts to entertain an action to perpetuate testimony.'' But the ''action to perpetuate testimony'' mentioned in the rule is also a contested action, namely, the suit in equity to perpetuate testimony. 2 Moore's Federal Practice under the New Rules 2540; 1 Pomeroy, Equity Jurisprudence, 5th ed. 358; *Arizona* v. *California*, 292 U.S. 341, 78 L. ed 1928.

[2] See *Heirs of Vázquez* v. *Registrar*, 40 P.R.R. 857.

■ ■■ According to § 2001 of the Law of Civil Procedure of 1885, a proceeding *ad perpetuam rei memoriam* lies to perpetuate any fact, provided it does not prejudice a certain and determinate person. If prejudice results or might result to any person, the proceeding should be allowed.[3] Even where the proceeding has been allowed, if it turns out that any person is prejudiced thereby, the order approving the proceeding is void and of no effect as to such person.[4]

In the case at bar, the petitioner seeks to perpetuate the fact that she has always been known by the name of Romana Torres. That fact appears eloquently from the evidence, particularly the testimony of the petitioner. The record fails to disclose that anyone is prejudiced by that fact. Apparently the lower court thought that to perpetuate the testimony of the fact that the petitioner is known by the surname Torres would be tantamount to a determination that her father, Luis Pérez, otherwise known as Luis Torres, was the natural child of someone named Torres and that this would establish the filiation of Luis Pérez. This is not so. Neither the use of a surname, nor its registration in the civil register, establishes a natural filiation. It is the paternal filiation which, once established, entitles the natural child to use the paternal surname. It can hardly be said in the case at bar that the use by the petitioner of the surname Torres, or even her registration in the register under that surname, might operate to establish her filiation with someone named Torres as her paternal grandfather, since the surname Torres is very common and neither the record nor the civil register discloses the name of any person who might be reputed the paternal grandfather of the petitioner.

The obstacle which the lower court thought barred appellant's petition, namely, that prejudice might be caused to

---

[3] See the judgment of the Supreme Court of Spain of June 27, 1864, holding that a proceeding *ad perpetuam* does not lie to establish the delivery of a woman's dowry to her husband.

[4] *Heirs of Vázquez* v. *Registrar*, 40 P.R.R. 857; Judgments of the Supreme Court of Spain of June 27, 1864, and December 30, 1914.

another person, does not therefore exist. Another obstacle which the lower court found was that there is no statute in Puerto Rico authorizing the change of names or surnames. This is true. A proceeding was formerly to change names and surnames, under Articles 90 to 95 inclusive, of the Regulations for the Execution of the Civil Register Law for Cuba and Puerto Rico, approved November 6, 1884,[5] but that proceeding was repealed, if not as a result of the change of sovereignty in 1898,[6] by the Civil Register Law of 1911, which repealed the prior law of 1894. Neither the Civil Register Law of 1911, nor the Vital Statistics Registry Act of 1931, which superseded the former statute, nor any other law, authorizes any proceeding for changing names or surnames in the former civil register or in the present registry of vital statistics.[7]

█ Within the narrow limits of a proceeding *ad perpetuam* there is no room for an order providing for the change of a name or surname. The only remedy that may be granted is an order to perpetuate the testimony. This is so provided by § 2006 of the Law of Civil Procedure of 1885, which reads thus:

"Section 2006.—If the district attorney (*promotor fiscal*) should request that the petition be approved, and if the judge should consider it proper, he shall render a decision approving the petition insofar as it accords with the law, and ordering, if it relates to facts of acknowledged importance, that it be filed in the protocol of the register of the court clerk, if he is also a notary, and if he is not in that of another notary residing in the town which is the seat of the judicial district, and if there be more than one such, then of him who may be designated by the person in interest.

[5] See *Gaceta de Madrid*, issue of November 17, 1884.

[6] Under the regulations cited, a change of name could only be ordered by the King of Spain at the instance of the Overseas Ministry, after the taking of judicial proceedings in Puerto Rico.

[7] Although the Civil Register Law of 1911 did not establish any proceeding for changing names, by its § 18 it included, among the acts which could be entered in the margin of the birth inscription, that of a change of name or surname. The Vital Statistics Registry Act does not contain a similar or equivalent provision.

"If the facts embraced in the proceedings should not be of acknowledged importance, the judge shall order that the record be filed in the office of the court clerk."

We realize that, as the lower court suggests, the proceeding *ad perpetuam rei memoriam* has been used in Puerto Rico to effect changes of names. The existence of such a practice is precisely what has led us to make a detailed study in search of its justification in our law and history. We have been unable to find an adequate basis for the practice and we have no power to sanction it, since it is in conflict with the legislation invoked to justify it, namely, the provisions of the Law of Civil Procedure which we have just quoted, and finds no support in the provisions of the Vital Statistics Registry Act. It is incumbent on the Legislature to act in order to correct what we believe is a defect of our law. There should be a simple proceeding for authorizing or acknowledging changes of names and surnames in proper cases, as there is in the States of the Union and as there was in Puerto Rico under the Spanish sovereignty. In this respect, our legislation seems to have moved backward since the nineteenth century.

Although the court acted correctly in holding that it was not proper to order the change of surname sought by the petitioner, it erred in dismissing the proceeding *ad perpetuam*, that is, in refusing to order the perpetuation of the testimony of the petitioner, under § 2006 which we have copied above.[3]

It might be argued that it would be useless to perpetuate the testimony regarding the name of the petitioner, if the name can not be changed in the registry. To that contention there are two answers. In the first place, the purpose of the proceeding *ad perpetuam* is simply to perpetuate testimony. It is immaterial to consider what use could be made in the future of the perpetuated testimony except for the purpose

---

[3] Although Rule 81(*b*) of the Rules of Civil Procedure does not apply to a proceeding *ad perpetuam*, the principle which it sets forth, that any error in the prayer for relief shall not preclude the granting of an appropriate remedy, is strictly applicable.

of determining whether it will cause prejudice to another person. Hence, the petition herein should be approved, even though no action can be taken to change the records of the registry of vital statistics. But we think that the petitioner can make practical use of an order approving the petition. Such an order, in our opinion, constitutes one of the " . . . documents showing the juridical acts modifying in any manner the civil status or the condition of a person registered, . . . " which, according to § 21 of the Vital Statistics Registry Act of Puerto Rico (Laws of 1931, p. 228), on the petition of an interested party, ". . . shall be kept in a special file in the Department of Health, in which reference shall be made to the birth certificate to which they correspond."[9] Although the fact that a person is known by a name other than that under which he is registered in the registry of vital statistics does not modify his "civil status," we think that it can be said that it affects or modifies "the condition of the person," within the purview of § 21 of the Vital Statistics Registry Act. Ordinarily, the terms "condition" and "civil status," as applied to persons, are synonymous.[10] But the Legislature in § 21 speaks of the "civil status or the condition of the person" which indicates that when using the word "condition" it referred to something which is not precisely the "civil status," for which reason we think that a liberal interpretation of the term "condition," so as to include the name of a person among the circumstances which might affect or modify that condition, is justified,

---

[9] Proceedings *ad perpetuam rei memoriam* have always been used to establish *facts* in the public registries, provided those facts do not prejudice third persons. See the decisions of the Directorate of Spain of December 30, 1914, and January 12, 1917.

[10] See 2 Escriche, *Diccionario de Legislación y Jurisprudencia*, p. 471, which defines the condition of a person thus: "the lineage or situation of men, as noblemen, plebians, freeman, serfs, etc., by virtue of which they have different rights and obligations. This is the sense in which the term *condition* is used in the legal axiom that one is supposed to know the condition of a person with whom he contracts, that is, whether such person is a minor or of legal age, a citizen or an alien, a married woman, an unmarried female, or a widow."

particularly if we bear in mind that the name is one of the most important items recorded in the registry of vital statistics.

For the reasons stated the order appealed from should be reversed and another rendered instead approving the proceeding *ad perpetuam* and stating that the testimony given by the petitioner Romana Pérez in said proceeding and the birth and marriage certificates attached to the record, show that Romana Pérez has always been known as Romana Torres.